UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL ORTIZ, on behalf of himself and all others similarly situated, and on behalf of the general public,<br><br>          Plaintiff,<br><br>v.<br><br>MENTOR TECHNICAL GROUP INTERNATIONAL LLC, a Delaware Limited Liability Company, GILEAD SCIENCES, INC., a Delaware Corporation, and DOES 1 through 10, inclusive,<br><br>         Defendants. | Case No.: 25-cv-1198-RSH-AHG<br><br>**ORDER GRANTING UNOPPOSED MOTION FOR STAY**<br><br>[ECF No. 10] |

  Pending before the Court is a motion to stay the proceedings, filed by defendant Gilead Sciences, Inc. ("Gilead"). ECF No. 10. Gilead's co-defendant, Mentor Technical Group International LLC ("Mentor"), joins in the motion to stay. ECF No. 17. Plaintiff has not opposed. As set forth below, the motion is granted.

**I. BACKGROUND**

  On March 4, 2025, Plaintiff filed his putative class action complaint in San Diego Superior Court. ECF No. 1-2 (the "Complaint"). Plaintiff is a resident of Los Angeles

County, who worked as a non-exempt employee of Gilead and Mentor in San Diego County. *Id.* ¶ 14. The Complaint alleges violations of the California Labor Code by Defendants, and seeks to certify a class of "[a]ll current and former California employees of Defendants since the date four (4) years prior to the filing of this complaint." *Id.* ¶ 30. On May 9, 2025, Gilead removed the action to this Court. ECF No. 1. On May 15, 2025, Mentor joined in the removal. ECF No. 6.

On July 9, 2025, Gilead filed a motion to stay the proceedings in this case pending resolution of an earlier action filed in Los Angeles Superior Court, *Pappoe v. Gilead Sciences, Inc.*, No. 24STCV02259. ECF No. 10 at 1. That case seeks to certify a class of "[a]ll non-exempt employees of any of the Defendants who worked in California within the period beginning four years prior to the filing of this action through the date set by the Court." ECF No. 10-7 ¶ 6. On July 25, 2025, the case was transferred to the undersigned. ECF No. 15.

## II.    DISCUSSION

A federal district court possesses the inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. American Co.*, 299 U.S. 248, 254 (1936). The Ninth Circuit has explained:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer v. Mirant*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule . . .

does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979) (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180 (1952)).

Here, the orderly course of justice and considerations of judicial efficiency favor granting a limited stay. Although the parties have not yet sought or obtained class certification in this or in the first-filed case, Plaintiff would apparently be a member of the putative class in the earlier case. Gilead contends, and Plaintiff does not dispute, that there is significant overlap in the putative classes. The claims in this case and in the first-filed case are substantially similar. The resolution of the first-filed case may resolve Plaintiff's claims here, and may also effectively resolve or significantly narrow the putative class claims here.

Gilead proffers, and Plaintiff does not dispute, that absent a stay Gilead will suffer harm from piecemeal litigation, defending the same or substantially similar claims simultaneously in two proceedings, expending unnecessary resources, and potentially facing inconsistent rulings. In contrast, no party has asserted any possible damage arising from a temporary stay.

Based on the above, the Court concludes that a temporary stay is warranted. Gilead requests that the proceedings be stayed pending resolution of *Pappoe*. However, the Court will stay the proceedings until the earlier of (1) the resolution of *Pappoe*, or (2) the grant or denial of a motion for class certification in *Pappoe*. The temporary nature of this unopposed stay is distinguished from a court's permanent abstention in favor of state court proceedings pursuant to the *Colorado River* doctrine. *See Noble v. JP Morgan Chase Bank, N.A.*, No. 22-CV-2879-LB, 2022 WL 4229311, at *7 (N.D. Cal. Sept. 13, 2022) ("[T]he weight in authority in . . . the Ninth Circuit supports the conclusion that a discretionary stay under *Landis* may be appropriate under some circumstances – such as where the requested stay is temporary."); *accord Cohen v. Suleminian*, No. 2:21-cv-8597-SSS-ASx, 2024 WL 5440827, at *4 (C.D. Cal. Dec. 17, 2024). Either party may seek by way of motion to

extend the stay if warranted, or in the interim, to terminate the stay based on changed circumstances.

### III. CONCLUSION

For the foregoing reasons, Gilead's unopposed motion for a stay [ECF No. 10] is **GRANTED**. The action in **STAYED** pending the earlier of (1) the resolution of *Pappoe v. Gilead Sciences, Inc.*, No. 24STCV02259 (Los Angeles Super. Ct.), or (2) the grant or denial of a motion for class certification in that case. Within **seven (7) days** of the occurrence of either event, the Parties shall file a joint status report with this Court, and in any case, the Parties shall file a joint status report no later than **February 9, 2026**.

**IT IS SO ORDERED.**

Dated: August 8, 2025

_____
Hon. Robert S. Huie
United States District Judge