Roman Otkupman, CSBN 249423
*Roman@OLFLA.com*
Nidah Farishta, CSBN 312360
*Nidah@OLFLA.com*
**OTKUPMAN LAW FIRM, A LAW CORPORATION**
5743 Corsa Ave., Suite 123,
Westlake Village, CA 91362
Telephone: (818) 293-5623
Facsimile: (888) 850-1310

Attorney for Plaintiff,
Gabriel Ortiz, on behalf of himself and all others similarly situated, and on behalf of the general public

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL ORTIZ, on behalf of himself and all others similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>vs.<br><br>MENTOR TECHNICAL GROUP INTERNATIONAL LLC, a Delaware Limited Liability Company, GILEAD SCIENCES, INC., a Delaware Corporation, and DOES 1 through 10, inclusive.<br><br>Defendants. | CASE NO. 3:25-cv-01198-BEN-AHG<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. **FAILURE TO PROVIDE MEAL PERIODS IN VIOLATION OF (LABOR CODE § 226.7, 512 and 558);**<br><br>2. **FAILURE TO PROVIDE REST PERIODS IN VIOLATION OF (LABOR CODE § 226.7, 512 and 558);**<br><br>3. **FAILURE TO PAY ALL WAGES IN VIOLATION OF (LABOR CODE §§ 510, 1194, 1194.2);**<br><br>4. **FAILURE TO TIMELY PAY WAGES DUE AT TERMINATION (LABOR CODE §§ 201-203);**<br><br>5. **FAILURE TO TIMELY PAY EMPLOYEES IN VIOLATION OF LABOR CODE §§ 204(a)(b), 201.3;**<br><br>6. **FAILURE TO REIMBURSE FOR BUSINESS EXPENSES IN VIOLATION OF (LABOR CODE § 2802);**<br><br>7. **FAILURE TO PROVIDE ONE DAY'S REST THEREFROM SEVEN IN VIOLATION OF** |

**(LABOR CODE § 551);**

8. **FAILURE TO PAY FOR ALL HOURS WORKED, INCLUDING OVERTIME HOURS WORKED IN VIOLATION OF (LABOR CODE § 210, 218);**

9. **VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200**

<u>**DEMAND FOR JURY TRIAL**</u>

PLAINTIFF, Gabriel Ortiz ("Plaintiff"), on behalf of himself and other "aggrieved employees" complains of Defendants as follows:

## I.   INTRODUCTION

1. This is a Class Action, pursuant to Code of Civil Procedure § 382 on behalf of Plaintiff and certain individuals who are employed by, or were formerly employed by, Mentor Technical Group International LLC, Gilead Sciences, Inc. and any subsidiaries or affiliated companies (hereinafter collectively referred to as "Defendants") within California.

2. For at least four (4) years prior to the filing of this action and continuing to the present (the "liability period").

3. Plaintiff and Defendant's California employees were routinely unable, and not authorized to take their 10-minute rest periods and were also unable to take an uninterrupted 30-minute meal break for every shift they worked. Specifically, Plaintiff and Defendant's California employees were forced to continue working through their meal and rest breaks in order to assist Defendant's needs. Because of this, Plaintiff and Defendant's California employees were unable to take their required meal and rest breaks. Moreover, Defendants failed to pay premium wages of one hour's pay for each missed meal and rest break to Plaintiff and Defendant's California employees who were denied timely meal and rest breaks, in violation of Labor Code §§ 226.7, 512, and 558, and IWC Order No. 5-2001, Section 12.

4. Plaintiff and Defendant's California employees were required to work off the clock for Defendant. Plaintiff and Defendant's California employees were required to be On-Call Shifts, without being compensated for it. Plaintiff and Defendant's California employees were instructed to

work approximately 5-15 minutes after they had clocked out to finish their assignments. Plaintiff and Defendant's California employees were also required to use their personal cell phone for work-related activities while off the clock, such as receiving calls from technicians and supervisors, while off the clock, without being compensated for it. It took Plaintiff on the average of 20 minutes to complete these tasks. Defendant did not compensate Plaintiff and Defendant's California employees if these tasks were completed outside of his regular work hours. These excess hours were not recorded on our client's and Defendant's California employees wage statements. Plaintiff and Defendant's California employees should have been compensated for that time, but he was not in violation of Labor Code Sections 510, 1194, and 1194.2. As a result, Plaintiff and Defendant's California employees were not paid for all hours worked including all straight time wages, and overtime wages. These failures to pay wages constitute violations of Labor Code § 510 and 1194.

5. Plaintiff also claims that Defendant has failed to pay all overtime wages due to non-exempt employees. As a result, employees are not properly compensated for work performance in excess of eight (8) hours in a workday and work performed in excess of forty (40) hours in a workweek at a rate of no less than one and one-half times the regular rate of pay. Employees of Defendant regularly work in excess of eight (8) hours in a day or more than forty (40) hours per week and do not receive overtime compensation at a rate of one and one half of their regular rate. Plaintiff and Defendant's California employees were forced to work overtime and were not paid for all hours worked including all straight time wages, and overtime wages. These failures to pay all overtime wages constitute violations of Labor Code §§ 510, 1194, 1194.2.

6. Our client further alleges that Defendants paid him and Defendant's California employees their final wages beyond the time frames set forth in Labor Code §§ 201 and 202. As they were not paid all wages due and owing throughout the course of their employment as a result of Defendants' failure to pay all premium wages as detailed above, at the time of their separation, they were not paid all final wages due and owing for the entirety of their employment. This violates Labor Code §§ 201-203.

7. Defendant pays Plaintiff and it's California employees on a bi-weekly basis and has failed to comply with Labor Code § 204(a) which holds that wages earned on a bi-weekly basis must be paid no later than seven calendar days following the close of the payroll period. Due to the violations described above, Plaintiff and Defendant's California employees did not receive all of their wages earned in a timely manner as required by Labor Code § 204(a)(b) and 201.3.

8. Defendant failed to reimburse Plaintiff and Defendant's California employees for the food and hotel expenses they purchased to perform work for Defendant. Defendant failed to reimburse Plaintiff and Defendant's California employees for the mileage they incurred performing certain tasks or running errands on behalf of Defendant. Moreover, Defendant failed to reimburse Plaintiff and Defendant's California employees for uniform maintenance. Defendant further failed to reimburse its California employees for using their personal cell phones for the benefit of Defendant. Labor Code section 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." As such, Plaintiff and Defendant's California employees have incurred reasonable and necessary expenses in the course of their job duties, which were not reimbursed by Defendant, in violation of Labor Code § 2802.

9. Plaintiff alleges that Defendants did not provide Plaintiff and Defendant's California employees with one day's rest in seven, in violation of California Labor Code § 551. Plaintiff was required to work 7 consecutive days without a day of rest. California Labor Code § 551 provides that "[e]very person employed in any occupation of labor is entitled to one day's rest therefrom in seven." By failing to provide Plaintiff and Defendant's California employees with one day's rest in seven Defendant violated California Labor Code § 551.

10. Defendants failed to pay all wages earned to Plaintiff and Defendant's California employees as a result of the unlawful employment policies and practices herein. As a result of these practices, Plaintiff and Defendant's California employees were underpaid for hours worked, including overtime and penalty wages, and this underpayment resulted in a failure to pay all wages owed twice per month. Due to this failure, Defendants are liable under Labor Code § 210 for failure to pay wages as required by law.

11. Plaintiff and all other aggrieved employees bring this claim pursuant to *Business & Professions Code* § 17200, et seq. The conduct of all Defendants as alleged above has been and continues to be unfair, unlawful, and harmful to Plaintiff and Defendant's California employees.

12. Plaintiff, on behalf of himself and all proposed Plaintiff Class members (specifically, the "California Class" as defined herein), brings this action pursuant to Labor Code §§ 226.7, 512, and 558, Labor §§ 510, 1194, 1194.2, Labor Code § 201-203, Labor Code §§ 204(a)(b), 201.3, Labor § 2802, Labor § 551, Labor § 210, 218, Business & Professions Code § 17200, et seq.

///

FIRST AMENDED CLASS ACTION COMPLAINT  4

13. Venue as to each Defendant is proper in this judicial district, pursuant to Code of Civil Procedure § 395. Defendants operate within the State of California. The unlawful acts alleged herein took place in Oceanside, California.

## II.   PARTIES

### A.   PLAINTIFF

14. Plaintiff Gabriel Ortiz is a resident of Los Angeles, California. At all times relevant herein, he was employed by Defendants in San Diego County, California. Plaintiff was employed by Defendants as a non-exempt, hourly employee in California, including in and around the city of Oceanside, County of San Diego. During Plaintiff's employment:

   A. Plaintiff did not receive final wages upon termination.
   B. Plaintiff and the Class were not paid in a timely manner pertaining to the waiting time penalties in accordance with Labor Code §§ 201-203.
   C. Plaintiff did not receive his compensation in accordance with Labor Code Section 204 in that Defendant failed to issues wages to its employees within seven (7) calendar days after the pay period ended.
   D. Plaintiff was required to work without meal and rest periods, nor compensation in lieu thereof, as required by the Labor Code and relevant Wage Orders.
   E. Plaintiff was required to work either in excess of eight hours per workday or in excess of forty hours per workweek without receiving compensation at a rate of one and one half the regular rate of pay.
   F. Defendant also failed to reimburse Plaintiff and Defendant's California employees for reasonable and necessary expenses in the course of their job duties, in violation of Labor Code § 2802.

### B.   DEFENDANTS

15. Defendant Mentor Technical Group International LLC is doing business in Oceanside, California. It operates within the State of California. Defendants employed Plaintiff and similarly situated employees within California. The violations alleged herein arose in Oceanside, California.

16. Defendant Gilead Sciences, Inc. is doing business in Oceanside, California. It operates within the State of California. Defendants employed Plaintiff and similarly situated employees within California. The violations alleged herein arose in Oceanside, California.

17. The true names and capacities, whether individual, corporate, associate, or otherwise,

of Defendants sued herein as DOES 1 to 10, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

18. Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff and the proposed Class.

## FACTUAL ALLEGATIONS

19. Plaintiff and Defendant's California employees were routinely unable, and not authorized to take their 10-minute rest periods and were also unable to take an uninterrupted 30-minute meal break for every shift they worked. Specifically, Plaintiff and Defendant's California employees were forced to continue working through their meal and rest breaks in order to assist Defendant's needs. Because of this, Plaintiff and Defendant's California employees were unable to take their required meal and rest breaks. Moreover, Defendants failed to pay premium wages of one hour's pay for each missed meal and rest break to Plaintiff and Defendant's California employees who were denied timely meal and rest breaks, in violation of Labor Code §§ 226.7, 512, and 558, and IWC Order No. 5-2001, Section 12.

20. Plaintiff and Defendant's California employees were required to work off the clock for Defendant. Plaintiff and Defendant's California employees were required to be On-Call Shifts, without being compensated for it. Plaintiff and Defendant's California employees were instructed to work approximately 5-15 minutes after they had clocked out to finish their assignments. Plaintiff and Defendant's California employees were also required to use their personal cell phone for work-related activities while off the clock, such as receiving calls from technicians and supervisors, while off the clock, without being compensated for it. It took Plaintiff on the average of 20 minutes to complete these tasks. Defendant did not compensate Plaintiff and Defendant's California employees if these tasks were completed outside of his regular work hours. These excess hours were not recorded on our client's and Defendant's California employees wage statements. Plaintiff and Defendant's California

employees should have been compensated for that time, but he was not in violation of Labor Code Sections 510, 1194, and 1194.2. As a result, Plaintiff and Defendant's California employees were not paid for all hours worked including all straight time wages, and overtime wages. These failures to pay wages constitute violations of Labor Code § 510 and 1194.

21. Plaintiff also claims that Defendant has failed to pay all overtime wages due to non-exempt employees. As a result, employees are not properly compensated for work performance in excess of eight (8) hours in a workday and work performed in excess of forty (40) hours in a workweek at a rate of no less than one and one-half times the regular rate of pay. Employees of Defendant regularly work in excess of eight (8) hours in a day or more than forty (40) hours per week and do not receive overtime compensation at a rate of one and one half of their regular rate. Plaintiff and Defendant's California employees were forced to work overtime and were not paid for all hours worked including all straight time wages, and overtime wages. These failures to pay all overtime wages constitute violations of Labor Code §§ 510, 1194, 1194.2.

22. Our client further alleges that Defendants paid him and Defendant's California employees their final wages beyond the time frames set forth in Labor Code §§ 201 and 202. As they were not paid all wages due and owing throughout the course of their employment as a result of Defendants' failure to pay all premium wages as detailed above, at the time of their separation, they were not paid all final wages due and owing for the entirety of their employment. This violates Labor Code §§ 201-203.

23. Defendant pays Plaintiff and it's California employees on a bi-weekly basis and has failed to comply with Labor Code § 204(a) which holds that wages earned on a bi-weekly basis must be paid no later than seven calendar days following the close of the payroll period. Due to the violations described above, Plaintiff and Defendant's California employees did not receive all of their wages earned in a timely manner as required by Labor Code § 204(a)(b) and 201.3.

24. Defendant failed to reimburse Plaintiff and Defendant's California employees for the food and hotel expenses they purchased to perform work for Defendant. Defendant failed to reimburse Plaintiff and Defendant's California employees for the mileage they incurred performing certain tasks or running errands on behalf of Defendant. Moreover, Defendant failed to reimburse Plaintiff and Defendant's California employees for uniform maintenance. Defendant further failed to reimburse its California employees for using their personal cell phones for the benefit of Defendant. Labor Code section 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary

expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." As such, Plaintiff and Defendant's California employees have incurred reasonable and necessary expenses in the course of their job duties, which were not reimbursed by Defendant, in violation of Labor Code § 2802.

25. Plaintiff alleges that Defendants did not provide Plaintiff and Defendant's California employees with one day's rest in seven, in violation of California Labor Code § 551. Plaintiff was required to work 7 consecutive days without a day of rest. California Labor Code § 551 provides that "[e]very person employed in any occupation of labor is entitled to one day's rest therefrom in seven." By failing to provide Plaintiff and Defendant's California employees with one day's rest in seven Defendant violated California Labor Code § 551.

26. Defendants failed to pay all wages earned to Plaintiff and Defendant's California employees as a result of the unlawful employment policies and practices herein. As a result of these practices, Plaintiff and Defendant's California employees were underpaid for hours worked, including overtime and penalty wages, and this underpayment resulted in a failure to pay all wages owed twice per month. Due to this failure, Defendants are liable under Labor Code § 210 for failure to pay wages as required by law.

27. Plaintiff and all other aggrieved employees bring this claim pursuant to *Business & Professions Code* § 17200, et seq. The conduct of all Defendants as alleged above has been and continues to be unfair, unlawful, and harmful to Plaintiff and Defendant's California employees.

### CLASS ACTION ALLEGATIONS

28. Plaintiff brings this action on behalf of himself and all others similarly situated as a Class Action pursuant to § 382 of the Code of Civil Procedure.

29. Plaintiff seeks to represent a class composed of and defined as follows:

### THE CALIFORNIA CLASS

30. All current and former non-exempt California employees of Defendants who were placed by Mentor Technical Group International, LLC to work at Gilead Sciences, Inc. since the date four (4) year prior to the filing of this complaint.

31. Plaintiff reserves the right under Rule 3.765, California Rules of Court, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

32. This action has been brought and may properly be maintained as a class

FIRST AMENDED CLASS ACTION COMPLAINT                 8

action under the provisions of § 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

### A.     NUMEROSITY

33.     The potential members of the proposed Class as defined are so numerous that joinder of all the members of the proposed Class is impracticable. While the precise number of proposed Plaintiff Class members has not been determined at this time, Plaintiff is informed and believes that Defendants currently employ, and during the relevant time periods employed, over seventy-five (75) Class members in the State of California.

34.     Accounting for employee turnover during the relevant periods necessarily increases this number substantially. Plaintiff alleges that Defendants' employment records would provide information as to the number and location of all proposed Plaintiff Class members. Joinder of all members of the proposed Class is not practicable.

### B.     COMMONALITY

35.     There are questions of law and fact common to the proposed Class that predominate over any questions affecting only individual Class members. These common questions of law and fact include, without limitation, whether Defendants failed to provide members of the Class with final wages on the day of termination and or within seventy-two (72) hours of separation and whether the rest periods were timely made available.

### C.     TYPICALITY

36.     The claims of the named Plaintiff are typical of the claims of the proposed Class. Plaintiff and all members of the proposed Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws, regulations that have the force and effect of law, and statutes as alleged herein.

### D.     ADEQUACY OF REPRESENTATION

37.     Plaintiff will fairly and adequately represent and protect the interests of the members of the proposed Class. Counsel who represents Plaintiff is competent and experienced in litigating large employment class actions.

### E.     SUPERIORITY OF CLASS ACTION

38.     A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Plaintiff Class members is not practicable, and questions of law and fact common to the proposed Class predominate over any

questions affecting only individual members of the proposed Class. Each member of the proposed Class has been damaged and is entitled to recovery by reason of Defendant's failure to comply with the above Labor Codes

39. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF
## (LABOR CODE §§ 226.7, 512 and 558)

40. Plaintiff incorporates paragraphs 1 through 39 of this Complaint as though fully set forth herein.

41. Plaintiff is entitled to one hour of pay for each day that Defendants failed to properly provide one or more meal periods as set forth in the IWC Wage Orders and Labor Code §§ 226.7, 512 and 558.

42. Plaintiff and Defendant's California employees were routinely unable, and not authorized to take an uninterrupted 30-minute meal break for every shift they worked. Specifically, Plaintiff and Defendant's California employees were forced to continue working through their meal breaks in order to assist Defendant's needs. Because of this, Plaintiff and Defendant's California employees were unable to take their required meal breaks. Moreover, Defendants failed to pay premium wages of one hour's pay for each missed meal and rest break to Plaintiff and Defendant's California employees who were denied timely meal and rest breaks, in violation of Labor Code §§ 226.7, 512, and 558, and IWC Order No. 5-2001, Section 12.

43. Pursuant to Labor Code §§ 226.7, 512 and 558 Plaintiff seeks the payment of all meal period compensations, which he was owed since he commenced to work for Defendant, according to proof.

44. Additionally, Plaintiff is entitled to, and seeks, attorney's fees and costs, and prejudgment interest.

45. Wherefore, Plaintiff seeks to represent request relief as described below.

///

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU THEREOF

**(LABOR CODE §§ 226.7, 512 and 558)**

46. Plaintiff incorporates paragraphs 1 through 45 of this Complaint as though fully set forth herein.

47. Plaintiff is entitled to one hour of pay for each day that Defendants failed to properly provide one or more rest periods as set forth in the IWC Wage Orders and Labor Code §§ 226.7, 512 and 558.

48. Plaintiff and Defendant's California employees were routinely unable, and not authorized to take their 10-minute rest periods for every shift they worked. Specifically, Plaintiff and Defendant's California employees were forced to continue working through their rest breaks in order to assist Defendant's needs. Because of this, Plaintiff and Defendant's California employees were unable to take their required rest breaks. Moreover, Defendants failed to pay premium wages of one hour's pay for each missed rest break to Plaintiff and Defendant's California employees who were denied timely rest breaks, in violation of Labor Code §§ 226.7, 512, and 558, and IWC Order No. 5-2001, Section 12.

49. Pursuant to Labor Code §§ 226.7, 512 and 558 Plaintiff seeks the payment of all rest period compensations, which he was owed since he commenced to work for Defendant, according to proof.

50. Additionally, Plaintiff is entitled to, and seeks, attorney's fees and costs, and prejudgment interest.

51. Wherefore, Plaintiff seeks to represent request relief as described below.

## THIRD CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES IN VIOLATION OF

**(LABOR CODE §§ 510, 1194, 1194.2)**

52. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

53. During the liability period, Defendant failed to pay all wages to Plaintiff and Defendant's California employees.

54. Plaintiff and Defendant's California employees were required to work off the clock for Defendant. Plaintiff and Defendant's California employees were required to be On-Call Shifts,

without being compensated for it. Plaintiff and Defendant's California employees were instructed to work approximately 5-15 minutes after they had clocked out to finish their assignments. Plaintiff and Defendant's California employees were also required to use their personal cell phone for work-related activities while off the clock, such as receiving calls from technicians and supervisors, while off the clock, without being compensated for it. It took Plaintiff on the average of 20 minutes to complete these tasks. Defendant did not compensate Plaintiff and Defendant's California employees if these tasks were completed outside of his regular work hours. These excess hours were not recorded on our client's and Defendant's California employees wage statements. Plaintiff and Defendant's California employees should have been compensated for that time, but he was not in violation of Labor Code Sections 510, 1194, and 1194.2. As a result, Plaintiff and Defendant's California employees were not paid for all hours worked including all straight time wages, and overtime wages. These failures to pay wages constitute violations of Labor Code § 510 and 1194.

55. Plaintiff also claims that Defendant has failed to pay all overtime wages due to non-exempt employees. As a result, employees are not properly compensated for work performance in excess of eight (8) hours in a workday and work performed in excess of forty (40) hours in a workweek at a rate of no less than one and one-half times the regular rate of pay. Employees of Defendant regularly work in excess of eight (8) hours in a day or more than forty (40) hours per week and do not receive overtime compensation at a rate of one and one half of their regular rate. Plaintiff and Defendant's California employees were forced to work overtime and were not paid for all hours worked including all straight time wages, and overtime wages. These failures to pay all overtime wages constitute violations of Labor Code §§ 510, 1194, 1194.2.

56. As a result, Plaintiff and Defendant's California employees were not paid for all hours worked including all straight time wages, and overtime wages. These failures to pay wages constitute violations of Labor Code § 510 and 1194.

57. As a result of the unlawful acts of Defendants in willfully filing to pay all alleges, Plaintiff and Defendant's California employees have been deprived of wages in amounts to be determined at trial, and are entitled to restitution and recovery of such amounts, plus interest thereon, attorneys' fees, and costs pursuant to Labor Code § 1194 and liquidated damages pursuant to Labor Code § 1194.2.

///
///

# FOURTH CAUSE OF ACTION

## FAILURE TO PAY WAGES DUE AT THE TIME OF DISCHARGE IN VIOLATION OF LABOR CODE §§ 201-202, RESULTING IN SECTION 203 WAGES AND PENALTIES (WAITING TIME PENALTIES)

58. Plaintiff hereby incorporates preceding paragraphs of this Complaint as though fully set forth herein.

59. At all times material herein, the California Labor Code Sections 201, 202, and 203 were in effect and binding on Defendant.

60. California Labor Code § 202 requires employers to pay employees all wages due within seventy-two (72) hours of resignation. California Labor Code § 201 states in pertinent part that "if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages the employer must, as penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

61. Plaintiff was entitled to compensation for unpaid wages, but to date has not received such compensation. Specifically, Defendant failed to pay Plaintiff all wages due to Plaintiff at the time of his separation of employment from Defendant's. Thus, since Defendant failed to promptly pay Plaintiff all wages due to Plaintiff at the time of his separation of employment, Defendant violated Section 201 of the Labor Code and Plaintiff is therefore entitled to wages and penalties pursuant to Labor Code Section 203.

62. More than 30 days have passed since Plaintiff's employment ended with Defendant.

63. As a consequence of Defendant's willful conduct in not paying wages owed to Plaintiff, Plaintiff is entitled to 30 days of wages as a penalty pursuant to Labor Code § 203 for Defendant's failure to timely pay legal wages, together with attorney's fees and cost of suit, and interest pursuant to California Labor Code Section 218.5.

///
///
///
///

# FIFTH CAUSE OF ACTION

## FAILURE TO TIMELY PAY EMPLOYEES IN VIOLATION OF LABOR CODE §§ 204(a)(b), 201.3

64. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

65. At all times relevant herein, Labor Code § 204 was in full force and effect and binding on Defendants.

66. Wages must be paid according to a regularly set schedule. (Labor Code § 204). All earned wages must be paid at least twice a month, on days designated in advance by the employer. Work performed between the 1st and the 15th days, inclusive, of any calendar month must be paid between the 16th and 26th day of the same month. Work performed between the 16th and the last day of the month must be paid between the 1st and 10th day of the following month. (Labor Code § 204). Weekly or bi-weekly (every two weeks) payroll must be paid within seven (7) days of the end of the pay period in which the wages were earned (Labor Code §§ 204(a), 204(b)).

67. Defendants pay Plaintiff and its California employees on a bi-weekly basis and have failed to comply with Labor Code § 204(a) which holds that wages earned on a bi-weekly basis must be paid no later than seven calendar days following the close of the payroll period. Due to the violations described above, Plaintiff and Defendant's California employees did not receive all of their wages earned in a timely manner as required by Labor Code § 204(a)(b), and 201.3.

68. Defendants have failed to comply with the above-section because they waited longer than seven days from the close of the pay period to pay its bi-weekly paid employees.

# SIXTH CAUSE OF ACTION

## FAILURE TO REIMBURSE FOR BUSINESS EXPENSES IN VIOLATION OF CALIFORNIA LABOR CODE § 2802

69. Plaintiff hereby incorporates preceding paragraphs of this Complaint as though fully set forth herein.

70. Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

71. Defendant failed to reimburse Plaintiff and Defendant's California employees for the

food and hotel expenses they purchased to perform work for Defendant. Defendant failed to reimburse Plaintiff and Defendant's California employees for the mileage they incurred performing certain tasks or running errands on behalf of Defendant. Moreover, Defendant failed to reimburse Plaintiff and Defendant's California employees for uniform maintenance. Defendant further failed to reimburse its California employees for using their personal cell phones for the benefit of Defendant. Labor Code section 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." As such, Plaintiff and Defendant's California employees have incurred reasonable and necessary expenses in the course of their job duties, which were not reimbursed by Defendant, in violation of Labor Code § 2802.

72. Plaintiff is entitled to reimbursement for these necessary expenditures, plus interest and attorneys' fees and cost, under Labor Code § 2802.

73. Plaintiff also requests relief as described below.

## SEVENTH CAUSE OF ACTION

## FAILURE TO PROVIDE ONE DAY'S REST THEREFROM SEVEN IN VIOLATION OF LABOR CODE § 551

74. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

75. At times relevant to this Complaint, Plaintiff and Defendant's California employees were non-exempt employees of Defendants, covered by California Labor Code section 551.

76. California Labor Code section 551 states in relevant part
> "[e]very person employed in any occupation of labor is entitled to one day's rest therefrom in seven."

77. Plaintiff alleges that Defendants did not provide Plaintiff and Defendant's California employees with one day's rest in seven, in violation of California Labor Code § 551. Plaintiff was required to work 7 consecutive days without a day of rest. California Labor Code § 551 provides that "[e]very person employed in any occupation of labor is entitled to one day's rest therefrom in seven." By failing to provide Plaintiff and Defendant's California employees with one day's rest in seven Defendant violated California Labor Code § 551.

78. Wherefore, Plaintiff and the Class he seeks to represent request relief as described

FIRST AMENDED CLASS ACTION COMPLAINT    15

below.

## EIGHTH CAUSE OF ACTION

## FAILURE TO PAY FOR ALL HOURS WORKED, INCLUDING OVERTIME HOURS WORKED IN VIOLATION OF (LABOR CODES §§ 210, 218)

79. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

80. Section 2(K) or Wage Order 5 defines "hours worked" as "the rime during which an employee is subject to the control of an employer, and including all the time the employee is suffered or permitted to work, whether or not required to do so." Labor Code §§ 1194 and 1197 required employers to compensate Plaintiff for all hours worked at least at a minimum wage ad established by the Wage Order. Defendants did not pay for all hours worked and frequently required Plaintiff to work off the clock. Defendants have been engaged in many unlawful employment practices which resulted in underpayment for hours worked each pay period as more set forth below:

81. <u>Failure to Pay All Wages Owed Twice Per Month.</u> Defendants were required to pay Plaintiff all wages earned twice during each calendar month pursuant to Labor Code § 204(a). Defendants failed to pay all wages earned to Plaintiff as a result of the unlawful employment policies and practices herein. As a result of these practices, Plaintiff was underpaid for hours worked, including overtime and penalty wages, and this underpayment resulted in a failure to pay all wages owed twice per month. Due to this failure, Defendants are liable under Labor Code § 210 for failure to pay wages as required by law.

## NINTH CAUSE OF ACTION

## UNFAIR COMPETITION PURSUANT TO

## BUSINESS & PROFESSIONS CODE § 17200

82. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

83. This is an Action for Unfair Business Practices. Plaintiff Gabriel Ortiz brings this claim pursuant to *Business & Professions Code* § 17200, et seq. The conduct of all Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiff and Defendant's California employees as a result of Defendant's failure to comply with the labor code sections as set out above. Plaintiff and Defendant's California

employees seek to enforce important rights affecting the public interest within the meaning of *Code of Civil Procedure* § 1021.5.

84. Plaintiff is a "person" within the meaning of *Business & Professions Code* § 17204, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

85. *Business & Profession Code* § 17200 *et. seq.* prohibits unlawful and unfair business practices.

86. Defendants have violated statutes and public policies. Through the conduct alleged in this Complaint, Defendants, and each of them, have acted contrary to these public policies, have violated specific provisions of the *Labor Code*, and have engaged in other unlawful and unfair business practices in violation of *Business & Professions Code* § 17200, *et seq.*, depriving Plaintiff, of rights, benefits, and privileges guaranteed to Plaintiff under law.

87. Defendants' conduct, as alleged herein, constitutes unfair competition in violation of § 17200 *et. seq.* of the *Business & Professions Code*.

88. As a proximate result of the above mentioned acts of Defendants, Plaintiff has been damaged in a sum as may be proven.

89. Unless restrained by this Court, Defendants will continue to engage in the unlawful conduct as alleged above. Pursuant to *Business & Professions Code*, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment, by Defendants, their agents, or Plaintiff, of any unlawful or deceptive practice prohibited by the *Business & Professions Code*, and/or, including but not limited to, disgorgement of profits which may be necessary to restore Plaintiff to the money Defendants have unlawfully failed to pay.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff prays for the following relief:

1. For a money judgment representing compensatory damages including lost wages, earnings, retirement benefits and other employee benefits, and all other sums of money, together with interest on these amounts, according to proof;

2. That Defendants are found to have violated the requirements of Labor Code § 203 for failure to timely pay wages due at termination.

3. That Defendants are found to have violated the requirements of Labor Code §

FIRST AMENDED CLASS ACTION COMPLAINT          17

1174(d) for failure to comply with itemized employee wage statement provisions.

   4. That Defendants are found to have violated the requirements of Labor Code § 226.7 for failure to provide meal and rest periods or compensation in lieu thereof.

   5. That Defendants are found to have violated the requirements of Labor Code § 510 for failure to pay all wages.

   6. That Defendants are found to have violated the requirements of Labor Code § 1194.2 for failure to pay all wages.

   7. That Defendants are found to have violated the requirements of Labor Code § 204(b) for failure to timely pay employees.

   8. That Defendants are found to have violated the requirements of Labor Code § 2802 for failure to reimburse for business expenses.

   9. That Defendants are found to have violated the requirements of Labor Code § 210 for failure to pay all hours worked, including overtime hours worked.

   10. That Defendants are found to have violated the requirements of Labor Code § 551

   11. That Defendants are found to have violated the requirements of Business and Professions Code § 17200 et seq.;

   12. An award of prejudgment and post-judgment interest;

   13. An award providing for payment of costs of suit;

   14. An award of attorneys' fees; and

   15. Such other and further relief as this Court may deem just and proper.

Dated:  August 8, 2025      OTKUPMAN LAW FIRM,
               A Law Corporation

               By: _____
                 ROMAN OTKUPMAN
                 Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

 Plaintiff hereby demands a trial of his claims by jury to the extent authorized by law.

Dated: August 8, 2025

OTKUPMAN LAW FIRM,
A Law Corporation

By: _____
ROMAN OTKUPMAN
Attorneys for Plaintiff

FIRST AMENDED CLASS ACTION COMPLAINT            19